# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| PRESTONWOOD TRUST | § | |
| --- | --- | --- |
| | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-806 |
| | § | Judge Mazzant |
| BANK OF AMERICA, N.A. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Final Summary Judgment (Dkt. #15). The Court, having considered the relevant pleadings, finds that Defendant's motion should be granted.

### BACKGROUND

Defendant Bank of America, N.A. ("BANA") is the owner and holder of a Note secured by real property located at 4107 Prestonwood Drive, Carrollton, Texas 75010 (the "Property"). The obligor on BANA's note, Michael Briggs, and borrowing spouse, Emma Briggs, were delinquent in paying their homeowners' association assessments. On or about March 25, 2013, the "Gates of Prestonwood Homeowners Association, Inc" ("HOA") obtained a judgment against the Briggses for past due assessments. The HOA obtained an Order of Sale on May 23, 2013. On August 1, 2013, the HOA foreclosed on its assessment lien via a sheriff's sale. At the sheriff's sale, Plaintiff Prestonwood Trust purchased the Property.

Plaintiff's First Amended Petition claims it owns an equitable interest in the Property and seeks to enforce its equitable right of redemption. Alternatively, Plaintiff claims Defendant is not vested with any ownership interest in the Note and Deed of Trust.

Plaintiff's petition claims its predecessors acquired an interest through an Assessment Lien Deed. A review of the Sheriff's Deed indicates Prestonwood Trust is the entity that purchased the

Property at the HOA sale. Prestonwood Trust then deeded the Property via Special Warranty Deed to Chester Carr II on May 1, 2014. On July 1, 2014, Chester Carr II deeded the Property back to Prestonwood Trust via Special Warranty Deed. Plaintiff admits it acquired its interest through an Assessment Lien Deed. Plaintiff also admits,"[a]t the time Plaintiff acquired the Property there was of record a deed of trust in favor of ARK-LA-TEX FINANCIAL SERVICES, LLC recorded as Instrument No. 2005-155572. Subsequently, there was an assignment of said deed of trust naming Defendant as assignee." *See* Dkt. 5 at ¶ 7-8.

On July 30, 2014, Plaintiff filed, in state court, its Original Verified Petition, Motion for Temporary Restraining Order and Application for Temporary Injunction seeking to prevent a non-judicial foreclosure sale from proceeding as scheduled on August 5, 2014.

Following the removal of this case to this Court, Plaintiff was given an opportunity to file an amended complaint, but did not file an amended complaint. On November 5, 2015, BANA filed a motion for summary judgment (Dkt. #15). No response was filed by Plaintiff.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins.*

*Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

BANA first moves for summary judgment on Plaintiff's claim for equitable right of

3

redemption.

Equity of redemption is a legal right recognized by Texas courts to provide relief against penalties and forfeitures that confront mortgagors. *Kingman Holdings, L.L.C. v. Bank of America*, N.A., No. 4:11–cv–33, 2011 WL 4431970, *6 (E.D. Tex. Sept. 22, 2011) (citing *Scott v. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.– Austin 1990, no writ)). "To enforce an equity of redemption, [a party] must sue for that purpose and plead such equities that would authorize recovery." *Scott*, 783 S.W.2d at 28.

To be successful on a claim for equity of redemption, a party must: (1) prove he has a legal or equitable interest in the property subject to the mortgage; (2) prove he is "ready, able or willing to redeem the [property] in controversy by paying off the amount of valid and subsisting liens to which the property is subject" in addition to amounts expended by the mortgagee in association with the default; and (3) assert the equitable redemption claim before a foreclosure sale. *See Kingman Holdings, L.L.C.*, 2011 WL 4431970, *6 (quoting *Scott*, 783 S.W.2d at 28). "[I]t is a principle of equity that to obtain equitable relief the applicant must have done equity." *Id.* at *4 (quoting *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.—Houston [1st Dist.] 1982, no writ)).

According to Defendant, Plaintiff's failure to "do equity"– that is, its failure to tender the amount due on the loan–prevents Plaintiff from being entitled to equitable relief. *See Kingman Holdings*, 2011 WL 1882269, *4.

BANA provided Plaintiff with a payoff on September 19, 2014, advising it would need the payoff within seven days from the date of the letter. To date, Plaintiff has failed to tender money to pay off the debt and discharge BANA's lien on the Property. Plaintiff failed to provide this Court with any facts to substantiate that it was ready, willing, and able to pay the debt. Plaintiff's

4

allegation that it was willing to pay off the debt is not sufficient. Plaintiff has offered no evidence that it ever contacted BANA to inquire about the debt or that it attempted to pay off the debt prior to filing suit. The summary judgment evidence conclusively establishes that a payoff was provided to Plaintiff, yet no tender has been made. Thus, BANA is entitled to summary judgment on Plaintiff's claim for equitable redemption.

BANA next moves for summary judgment on Plaintiff's assertion that the Note secured by the Deed of Trust has been discharged. BANA asserts that Plaintiff has failed to produce any competent evidence of its conclusory allegation that the Note has been discharged. The summary judgment evidence establishes Defendant is the beneficiary of the Deed of Trust and has authority to foreclose. BANA is entitled to enforce the Deed of Trust. Specifically, effective June 19, 2006, the Deed of Trust was assigned by Mortgage Electronic Registration Systems, Inc., as Nominee for Lender and Lenders Successors and Assigns to Countrywide Home Loans, Inc. That assignment has been commemorated in a written document that has been recorded in the real property records of Denton County, Texas. Effective August 15, 2009, Countrywide Home Loans, Inc. assigned the Deed of Trust to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP. That assignment has been commemorated in a written document that has been recorded in the real property records of Denton County, Texas. On or about June 28, 2011, BAC Home Loans Servicing, LP merged into Bank of America, N.A. Accordingly, BANA is the last assignee of record, which makes BANA a "mortgagee" as defined in Tex. Prop. Code § 51.0001(4)(C). As a "mortgagee," BANA has the ability to administer a foreclosure sale, either directly or through a "mortgage servicer."

Plaintiff failed to produce any competent summary judgment evidence that BANA does not

have an ownership interest in the Deed of Trust or that the Deed of Trust is void and/or unenforceable as to BANA. Plaintiff failed to produce any evidence that the Note has been discharged or why the Deed of Trust is void and/or unenforceable. Therefore, BANA is entitled to summary judgment.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Final Summary Judgment (Dkt. #15) is hereby **GRANTED** and all of Plaintiff's claims shall be **DISMISSED** with prejudice and any pending injunction is hereby **VACATED**.

**SIGNED this 9th day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE